UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


WALTER FITZPATRICK III,

    Petitioner,

v.                                                                  No.:    3:12-cv-48

SHERIFF BILL BIVENS and
STATE OF TENNESSEE,

    Respondents.


## MEMORANDUM

Petitioner has filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the respondents shall not be required to file an answer or other pleading to the petition and this petition will be **DISMISSED**.

Petitioner filed a 106-page habeas corpus petition, with an attached 196-page exhibit, during his confinement in the Monroe County Jail. He was released from confinement less than ten days after filing his petition. The petition is confusing, rambling, disjointed, and, at times, nonsensical. As best the Court can determine, petitioner is challenging certain criminal proceedings against him in Monroe County, Tennessee. The status of those proceedings is not clear. In any event, the exhibits attached to the petition indicate that petition filed a habeas corpus petition in the Circuit Court for Monroe County, Tennessee, less than four months before filing his habeas petition in this Court. The Court takes notice

that it would take more than four months for petitioner's state habeas petition to be resolved in both the trial and appellate courts.

A state or county prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review").

Because there had not been time to resolve petitioner's claims in the state courts, it is obvious that he had not exhausted his available state court remedies on those claims prior to filing his habeas petition in this Court. In addition, the law is also settled that a federal court should not interfere in pending state court proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Under the circumstances, the Court sees no reason to intervene in the pending state court proceedings. The Court further notes that, to the extent petitioner seeks money damages, such relief is not available in a habeas corpus proceeding.

Because it plainly appears from the face of the petition that the petitioner is not entitled to any habeas corpus relief in this Court at this time, the petition for the writ of habeas corpus will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In

The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c).

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

             s/ Leon Jordan
            United States District Judge